# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DOROTHY VIRGINIA KERNS,**

    Plaintiff,

v.                                                                     CIVIL ACTION NO.: 3:14-CV-72
                                                                           (GROH)

**MICHAEL CALLAHAN;**
**INNER STREET, LLC; and**
**J. DOUGLAS MCCARTHY, ESQ.,**

    Defendants.

## ORDER DENYING DEFENDANT MCCARTHY'S MOTION FOR SANCTIONS

Currently pending before the Court is Defendant J. Douglas McCarthy's Motion for Sanctions. ECF No. 74. For the following reasons, the Court **DENIES** this motion.

### I. Motion for Sanctions

McCarthy asks the Court to sanction Plaintiff Dorothy Virginia Kerns for alleged actions of her counsel's paralegal, Nathan Wasser, pursuant to its inherent power. He bases this request on the following allegations.

The States of Maryland and West Virginia disbarred Wasser respectively on February 3, 2009 and September 16, 2010. Subsequently, as a paralegal for Kerns' counsel, Wasser sent emails to opposing counsel that McCarthy alleges discussed the substance of this case. McCarthy's counsel spoke to Kerns' counsel about these emails, explaining that he believed Wasser was practicing law. After this conversation, Kerns' counsel told McCarthy's counsel via email that he had instructed Wasser to stop sending correspondence concerning this case.

Thereafter, on March 30, 2015, McCarthy's counsel sent Kerns' counsel a letter stating that Wasser had called his office and spoken with his secretary. Wasser told the secretary he was an attorney and requested the email address of Defendant Michael Callahan, who was then unrepresented by counsel. The secretary did not give Wasser this information.

Again, on May 7, 2015, Wasser called the office of McCarthy's counsel. Wasser falsely identified himself as "Tom Feaster" and claimed to be the nephew of a woman whose will the former receptionist of McCarthy's counsel had notarized. The receptionist had also notarized a document regarding this case. Wasser was told to stop calling. The next day, McCarthy's counsel filed a complaint against Wasser with the Chairman of the Unauthorized Practice of Law Committee of the West Virginia State Bar.

Kerns has responded to these allegations. She admits that Wasser called the office of McCarthy's counsel on March 30 and May 7. She includes a letter from Wasser to the West Virginia State Bar in which he explains those actions. In the letter, Wasser avers that he requested Callahan's email address so that Kerns' counsel could send Callahan a notice for an upcoming mediation given Callahan's lack of counsel. Wasser admits that he identified himself as an attorney to avoid being told to have Kerns' counsel call instead. Wasser then avers that he sought the receptionist's address to see whether her signature appeared on the document regarding this case that she notarized. He states that he falsely used an alias because no one in the office would speak to him. Based on the foregoing, Kerns argues that Wasser merely sought ministerial information through the calls and, regardless, her counsel has admonished Wasser that further transgressions would not be tolerated.

## II. Discussion

"[D]istrict courts have the inherent power to sanction parties for certain bad faith conduct . . . ." Strag v. Bd. of Trs., 55 F.3d 943, 955 (4th Cir. 1995). The Supreme Court recognized this power in Chambers v. NASCO, Inc., 501 U.S. 32 (1991). In doing so, the Court stated that "inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44-45. The Court then held that district courts can award attorney's fees as a sanction in three circumstances: "(1) where a party's litigation efforts directly benefit others, (2) where a party has willfully disobeyed a court order, and (3) where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Strag, 55 F.3d at 955 (citing Chambers, 501 U.S. at 45-56). The Court elaborated that the third ground for sanctions applies "if a court finds that fraud has been practiced upon it[] or that the very temple of justice has been defiled." Chambers, 501 U.S. at 46 (quotation marks and citation omitted).

Here, there is no indication that Wasser's actions directly benefitted others. Second, there is no contention that Wasser's counsel had prior knowing that Wasser was making false representations or holding himself out to be a practicing lawyer. Third, Kerns did not disobey an order of this Court. Finally, while the Court does not condone Wasser's alleged actions, there is no indication that those actions resulted in a fraud upon this Court itself or otherwise negatively impacted this litigation. While Wasser is an agent of Kerns and her counsel, it cannot be said that Kerns or her counsel engaged in bad faith, vexatious, or wanton conduct, or act for oppressive reasons through Wasser.

Accordingly, the Court **DENIES** the Motion for Sanctions as Wasser's actions do not warrant sanctions against Kerns or her counsel.

3

Under the circumstances the most appropriate remedies for Wasser's actions lie outside this motion and include the pending bar complaint and a referral by Kerns, if she chooses to do so, to law enforcement to investigate criminal conduct such as unauthorized practice of law, this Court cannot ignore Wasser's egregious conduct in this case. However, the Court finds that it must fashion a remedy to guard against further misrepresentations and unauthorized practice of law in this case and any other cases before this Court.

Therefore, this Court **ORDERS** that Anthony Wasser immediately cease and desist from any further contact with the Plaintiff and her counsel's office and from any and all fraud, misrepresentations and unauthorized practice of law in this case or any other case before this Court.

The Court **ORDERS** that Stephen Craig Sluss, Esq. provide a copy of this Order to Nathan Wasser.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record.

The Clerk is **DIRECTED** to mail a copy of this Order to Nathan Wasser, Law Office of Stephen C. Sluss, P.O. Box 635, Teays, West Virginia 25569.

**DATED:** July 23, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE